UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SMITH,<br><br>    Petitioner,<br><br>v.<br><br>S PEARMAN,<br><br>    Respondent. | Case No. 19-cv-03683-SI<br><br>**ORDER OF DISMISSAL**<br><br>Re: Dkt. Nos. 1, 3 |

Anthony Smith filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## BACKGROUND

The petition and attachments thereto provide rather limited information. Smith alleges that he was sentenced in Alameda County Superior Court in 2007 and 2010 to "38 and 37 to life" for "burglary and enhancements of burglary & auto theft & escape." Docket No. 1 at 1. He allegedly filed an unsuccessful direct appeal and many unsuccessful petitions for writ of habeas corpus in the state courts.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order

1  directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

A.  The Petition Fails To State A Claim

Smith's petition contains one legal claim. His claim is identified as "Prop 57 Release," and alleges that he is, and has been since 2016, entitled to release under Proposition 57. Docket No. 1 at 5.

The petition fails to state a claim for habeas relief because it does not allege a violation of Smith's rights under the Constitution or laws or treaties of the United States. Federal habeas relief is not available for state law errors. A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (citations omitted).

The petition also fails to state a claim for habeas relief because it does not provide an adequate statement of facts in support of any claim. A petitioner must "specify all the grounds for relief available to [him or her]" and to "state the facts supporting each ground." Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 254; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491-92 (9th Cir. 1990) (habeas petitioner must state his claims with sufficient specificity); *Wacht v. Cardwell*, 604 F.2d 1245, 1246-47 (9th Cir. 1979) (same). A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the state should be ordered to show cause why the writ should not be granted. *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) (citing 28 U.S.C. § 2253). Conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause. *See Allard v. Nelson*, 423 F.2d 1216, 1217 (9th Cir. 1970).

B. <u>Any Federal Claims Must Be Brought In A Civil Rights Action</u>

Even if Smith identified a federal constitutional right (or right under the laws or treaties of the United States) that was violated, the petition has a separate flaw that requires dismissal of the action. Specifically, a claim to enforce rights under Proposition 57 must be brought in a civil rights action, if it may be brought in federal court at all.

1. <u>Proposition 57 Created Only A New Avenue For Parole Consideration</u>

California's Proposition 57, approved by voters in November 2016, makes parole more available for certain felons convicted of nonviolent crimes. Specifically, Proposition 57 adds Article I, section 32 to the California Constitution. That section provides:

§ 32. Public Safety and Rehabilitation Act of 2016

(a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law:

(1) Parole Consideration: *Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense.*

(A) For purposes of this section only, the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence.

(2) Credit Earning: The Department of Corrections and Rehabilitation shall have authority to award credits earned for good behavior and approved rehabilitative or educational achievements.

(b) The Department of Corrections and Rehabilitation shall adopt regulations in furtherance of these provisions, and the Secretary of the Department of Corrections and Rehabilitation shall certify that these regulations protect and enhance public safety.

Cal. Const. art. I, § 32 (emphasis added). The addition of § 32 to the California Constitution is the only change made to the adult criminal justice system in California as a result of Proposition 57.[1]

---

[1] Proposition 57 also changes the juvenile justice system in California by amending California Welfare and Institutions Code sections 602 and 707. This part of Proposition 57 is not discussed further because it is not relevant to Smith's petition. Smith was over 40 years old at the time of his convictions. *See* Docket No. 1-1 at 8 (listing year of birth as 1966).

3

The text of Proposition 57 does not provide for existing prisoners to be resentenced. Although the state court cases addressing application of Proposition 57 are all unpublished decisions, they have "uniformly state[d] that Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing." *Daniels v. California Dep't of Corr. and Rehab.,* 2018 WL 489155, at *4 (E.D. Cal. Jan. 19, 2018). *See, e.g., People v. Patton*, 2018 WL 316967 (Cal. Ct. App. Jan. 8, 2018) (unpublished) (after trial court denied petition for resentencing on the ground that there was no resentencing option under Proposition 57 because it only provided a parole opportunity for certain inmates, *Wende* brief was filed in court of appeal; court of appeal rejected the appeal because a review of the record disclosed no arguable issues on appeal); *People v. Harris*, 2017 WL 4230834, *2 (Cal. Ct. App. Sept. 25, 2017) (unpublished) ("even if appellant were eligible for relief under Proposition 57, he would be entitled only to parole consideration, not the resentencing or sentence modification he sought in his motion. Any determination as to appellant's right to parole must be made, in the first instance, by the appropriate agency").

Proposition 57 gives those prisoners convicted of nonviolent felony offenses a state law right to be "eligible for parole consideration after completing the full term for his or her primary offense." Proposition 57 does not require or provide any mechanism for state law prisoners to be resentenced by the courts in which they were convicted. The addition of § 32 to Article I of the California Constitution resulted in prisoners potentially becoming "eligible for parole consideration," but did nothing to undermine the validity of their existing sentences.

Smith cites to *In re Edwards*, 26 Cal. App. 5th 1181 (Cal. Ct. App. 2018), but that case does not aid him because it discusses state law rights only and the principles discussed do not show his entitlement to release. *Edwards* held that regulations adopted by the CDCR were inconsistent with § 32 to Article I of the California Constitution because the regulations excluded from early parole consideration certain nonviolent offenders. More prisoners will receive early parole consideration due to the *Edwards* decision, but that does not necessarily mean that Smith, or any other one of those prisoners, will be found suitable for parole.

### 2. A Claim To Enforce Rights Under Proposition 57 Must Be Brought In A Civil Rights Action, If It May Be Brought In Federal Court At All

In *Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 645 (2017), the Ninth Circuit held that that a prisoner's claim which, if successful, will not necessarily lead to immediate or speedier release from custody falls outside the "core of habeas corpus" and must be pursued (if at all) in a civil rights action under 42 U.S.C. § 1983, rather than in a habeas action. *Nettles*, 830 F.3d at 927-28; *see, e.g., Borstad v. Hartley*, 668 F. App'x 696, 697 (9th Cir. 2016) (success on petitioners' claims that the lengthening of intervals between parole hearings caused by Marsy's Law violated their rights under Ex Post Facto Clause "would not necessarily result in a shortening of their sentences. Thus, the district court in each case lacked jurisdiction to grant 28 U.S.C. § 2254 habeas relief. *Nettles*, 830 F.3d at 935–37.").

Assuming arguendo that Smith wants to force prison officials to comply with the parole provisions of Proposition 57, success on his claims will not necessarily lead to immediate or speedier release from custody and therefore falls outside the core of habeas corpus. If he prevails on his claim that he is entitled to relief under Proposition 57, it does not necessarily follow that he will be released from prison on a date sooner than otherwise would occur. This is because Proposition 57 (if it applies to him) only makes him eligible for parole consideration, and does not command his release from prison. He still must be found suitable for parole before he may be released from prison. If he prevails on any of his claims, the remedy would be a parole consideration hearing rather than an outright release from prison. Under *Nettles*, Smith's only potential recourse in federal court is to file a § 1983 complaint because his claim falls outside the core of habeas corpus.

In an appropriate case, a habeas petition may be construed as a civil rights complaint under 42 U.S.C. § 1983. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971); *see Nettles*, 830 F.3d at 935-36. Although the court may construe a habeas petition as a civil rights complaint, it is not required to do so. Since the time when *Wilwording* was decided there have been significant changes in the law. For example, the filing fee for a habeas petition is five dollars; for civil rights cases, the fee is now $400 (with $50 of that fee reduced if the prisoner is allowed to proceed *in forma pauperis*). A prisoner is now required to pay the fee, even if granted *in forma pauperis* status, by way of

deductions from income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b). A prisoner who might be willing to file a habeas petition for which he would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his prisoner trust account. Also, a civil rights complaint that is dismissed as malicious, frivolous, or for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. Further, Smith's petition is not amenable to conversion because it does not name the proper defendant or seek the correct relief. *See Nettles*, 830 F.3d at 936 (quoting *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)) (in order to be converted, petition must be "'amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief.'")

It is important to note that this court has not determined that a claim would succeed if brought in a civil rights action under 42 U.S.C. § 1983. The court has referred to a § 1983 as a "potential recourse" because it would be premature in this habeas action to decide whether a claim actually could be stated under 42 U.S.C. § 1983. The court notes, however, that an essential element of a § 1983 claim is the violation of a right secured by the Constitution or laws of the United States, *see West v. Atkins*, 487 U.S. 42, 48 (1988). The court only decides today that a habeas petition is the wrong vehicle for a prisoner to pursue enforcement of any federal rights he has as a result of the passage of Proposition 57.

C.  No Certificate of Appealability

When the court denies or dismisses a petition for writ of habeas corpus from a state prisoner, the court must determine whether to issue a certificate of appealability. A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**CONCLUSION**

For the foregoing reasons, the petition for writ of habeas corpus is DISMISSED. The dismissal is without prejudice to petitioner filing a new civil rights action asserting his challenges to the implementation of Proposition 57.

Petitioner's *in forma pauperis* application is GRANTED. Docket No. 3.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: October 4, 2019

_____
SUSAN ILLSTON
United States District Judge